## UNITED STATES vs. WONG LOY.

### April 26, 1905.

*Involuntary Servitude.—Selling into.—Holding in, a Person Previously Sold into Involuntary Servitude:* The defendant was charged by the indictment with holding in involuntary servitude a person previously sold into involuntary servitude, and with selling and causing to be sold into a condition of involuntary servitude, a certain person.

*Trial.—Indictment for Same.—Time of Commission of Offense:* In such a case time is not the essence of the charge.

*Same.—Presumption of Innocence.—Reasonable Doubt:* Indictment is not evidence against defendant. He is presumed to be innocent until proved to be guilty beyond a reasonable doubt, by competent and sufficient evidence which excludes every reasonable hypothesis except the one of guilt.

*Same.—Evil Intent:* Evil intent sufficient if there was an unlawful intent to do the thing which was done, and that thing was a violation of the law. Deliberate commission of an unlawful act generally carries with it an unlawful intent.

*Same.—Motive:* Evidence of motive for unlawful act unnecessary.

*Same.—Consideration of Evidence:* All competent evidence to be considered by jury.

*Same.—Hearsay Evidence:* Hearsay evidence to be excluded from consideration.

*Same.—Evidence of Defendant.—Personal Interest:* The defendant's testimony is to be weighed by jury and his personal interest in the result of the trial may be considered as to credibility.

*Same.—Involuntary Servitude.—Force.—Constraining Influence:* In the absence of evidence of the use of force or constraint, either physical or through constraining influences addressed to the understanding of the person alleged to be sold and held to involuntary servitude, defendant entitled to acquittal.

Criminal Law:   Indictment under Act of June 23, 1874, (18 U. S. Stat. L. part 3, 251).

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

L. A. Dickey, Attorney for Defendant.

#### CHARGE TO THE JURY.

Dole, J.   Gentlemen of the Jury:   Under an indictment returned by the Grand Jury, the defendant in this case is charged in four counts with the violation of the laws of the United States. The law under which this indictment is found provides:

"That whoever shall knowingly and wilfully bring into the United States, or the Territories thereof, any person inveigled or forcibly kidnapped in any other country, with intent to hold such person so inveigled or kidnapped in confinement or to any involuntary service, and whoever shall knowingly and wilfully

sell, or cause to be sold, into any condition of involuntarily servitude, any other person for any term whatever, and every person who shall knowingly and wilfully hold to involuntary service any person so sold and bought, shall be deemed guilty of a felony."

The first two counts of the indictment are identical, with the exception that they charge the offense of holding in involuntary service, a person before that time sold into a condition of involuntary servitude, but charge different dates of the time of selling. In other words, the first two counts charge substantially the same offense. The last two counts charge the offense of selling, and causing to be sold, into a condition of involuntary servitude, a certain person, and these two counts make substantially one charge, so you can consider that in this indictment there are two charges, one of selling into involuntary servitude and the other of holding in involuntary servitude, a person who has, before that time, been sold.

In this case, time is not the essence of the charge and the prosecution is not bound to establish proof of the commission of the offense on the exact dates alleged in the indictment.

The fact that this defendant has been charged with these offenses and that there is an indictment against him, is not evidence against him in any way. In spite of the indictment, the law presumes the defendant to be innocent until he shall have been proven guilty by competent and sufficient evidence, and in the absence of such evidence the law presumes, and you should find, that he is not guilty.

No one can be found to be guilty of a crime unless the evidence against him establishes his guilt beyond a reasonable doubt.

By a reasonable doubt is meant a doubt based on reason and which is reasonable in view of all the evidence, which is not a fanciful or conjectural doubt, but must impart such a condition of mind, after a careful consideration of the evidence, that you cannot say that you are convinced or satisfied that the defendant is guilty as charged.

The duty rests upon the prosecution to prove the defendant guilty beyond all reasonable doubt, by evidence which shall exclude every reasonable hypothesis except the one of guilt.

There must be an evil intent to constitute a crime, and it is not correct to say that such intent must be to violate the law. The question is, if the defendant did the thing charged, did he unlawfully intend to do the thing which he did do, and was that thing a violation of the law? An evil intent is an essential element of every crime. The statute does not contemplate the punishment of the innocent, but a deliberate commission of an unlawful act, generally carries with it an unlawful intent; so, it is sometimes said that the commission of an unlawful act presumes an unlawful intent.

If you find from the evidence in this case, beyond a reasonable doubt, that the acts charged against this defendant in all, or any one, or more than one of the counts in this indictment were committed as therein alleged, then I·charge you that it is not necessary that you should look for any motives for such acts. The prosecution is not bound to prove a motive for the commission of a crime.

If the evidence, taken as a whole, shall not satisfy you beyond a reasonable doubt, as already defined, that the defendant is guilty, he should be acquitted. If, however, the evidence does satisfy you, beyond a reasonable doubt, that the defendant is guilty, your verdict must be guilty.

A criminal case involving much testimony and many facts should not be decided upon the probability or improbability of any one point singled out of the evidence, unless the settlement of such point is really decisive of the whole issue, but a safe decision requires due consideration to be given to all the evidence in the case.

It is your duty to come to a conclusion upon all the facts in evidence and the effect of all those facts, as you would conscientiously come to a conclusion upon any other set of facts or upon any questions that might come before you in life.

The testimony given by the witness, Lau Tai, in regard to

what he learned from Lai Kong, who staid with him for a month before he went to China, is hearsay evidence and should be excluded by you in your consideration of the case.

The law permits the defendant, at his own request, to testify in his own behalf. He has availed himself of this privilege. His testimony is before you and you must weigh it. The deep personal interest he has in this case may be considered by you in weighing his evidence and in determining how far it is worthy of credit.

You are instructed that if you believe from the evidence that no force or constraint of any kind, either physical or through constraining influences addressed to her understanding, was used by Wong Loy to hold Choy Ying to servitude against her will, then you must acquit the defendant on the first two counts.

A unanimous verdict, or agreement of the jury, is necessary to a verdict of either guilty or not guilty.